UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

JEAN-FRANCOIS RICKARD,                   :

                          Plaintiff,     :    14 Civ. 1495 (AKH)

                                         :

              -against-                  :    AMENDED COMPLAINT AND
                                         :    JURY DEMAND
THE CITY OF NEW YORK,                    :
THE NEW YORK CITY POLICE DEPARTMENT,     :
and NEW YORK CITY POLICE OFFICERS        :
JOSE DIAZ,                               :
JOHN CONTRERAS,                          :
ELVIN GOMEZ, and                         :
JONATHAN RIVERA,                         :

                                         :

                          Defendants.    :

----------------------------------------X

     Plaintiff Jean-Francois Rickard, by his attorneys

ROTHMAN, SCHNEIDER, SOLOWAY & STERN, LLP, alleges as follows:

PRELIMINARY STATEMENT

     1.   This is an action for damages against employees of

the New York City Police Department ("NYPD") who violated the

civil and constitutional rights of the Plaintiff by falsely

arresting and imprisoning him at approximately 8:10 P.M. on

the evening of March 7, 2013; against the NYPD for its failure

to take corrective action and to implement meaningful

procedures to prevent excessive conduct by police officers

against citizens; and against the CITY OF NEW YORK, which is

sued as a person pursuant to 42 U.S.C. § 1983.

1

JURISDICTION AND VENUE

2.    Plaintiff institutes these proceedings and invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1343 to obtain costs of suit, including reasonable attorney's fees, and to recover damages suffered by Plaintiff and caused by Defendants' violation of Plaintiff's rights as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and by federal statutory law, particularly 42 U.S.C. § 1983.

3.    This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States.

4.    The violation of Plaintiff's rights alleged herein occurred within the City, County, and State of New York.

PARTIES

5.    Plaintiff JEAN-FRANCOIS RICKARD is a citizen of the United States of America and was at all times relevant herein an individual residing in the City and State of New York, with his residence address located at 90 Avenue K, in Brooklyn, New York, 11236.

6.    Police Officers JOSE DIAZ, JOHN CONTRERAS, ELVIN GOMEZ, and JONATHAN RIVERA are police officers employed by the NYPD and at all relevant times herein were acting in the

capacity of agents, servants, and employees of the Defendant CITY OF NEW YORK. They are each sued individually and in their official capacities.

7.   Defendant CITY OF NEW YORK is a municipal corporation organized and existing pursuant to and by virtue of the laws of the State of New York.

8.   At all times relevant herein, Defendants DIAZ, CONTRERAS, GOMEZ, and RIVERA, and their agents, assistants, and employees acted pursuant to the policies, regulations or decisions officially adopted or promulgated by agents of the NYPD, whose acts may fairly be said to represent official policy or governmental custom of the NYPD and the CITY OF NEW YORK.

FACTUAL ALLEGATIONS

9.   On or about March 7, 2013, Plaintiff was inside a subway station near the intersections of 96th Street and Broadway, in Manhattan. While waiting for his subway home, Plaintiff was approached by Defendant DIAZ, a member of the NYPD. Defendant DIAZ directed Plaintiff to stand up, seized Plaintiff, and accused Plaintiff of having previously pulled out his penis in front of two women.

10.   The allegation of criminal activity on Plaintiff's part was untrue and was completely unfounded. Upon information and belief, Defendant DIAZ knew or should have known that this

allegation was untrue at the time Plaintiff was wrongfully seized, arrested, and held in police custody. At the time Plaintiff was seized and placed in handcuffs, Defendant DIAZ and Defendant CONTRERAS, also a member of the NYPD, showed Plaintiff a photograph of a man with his penis out and falsely stated that the man depicted in the photograph was the Plaintiff. The photograph shown to Plaintiff was clearly not a photograph of him, but of another individual.

11. After seizing Plaintiff, Defendants DIAZ, CONTRERAS, GOMEZ, and RIVERA placed Plaintiff in handcuffs and drove him to the local police precinct. Upon arriving at the precinct, Plaintiff was strip searched and locked in a cell.

12. Several hours after he was locked in a cell, Plaintiff was transported by members of the NYPD to central booking, where he was fingerprinted, photographed, and placed in a cell with other individuals. Later the following day, Plaintiff was presented for arraignment before a Criminal Court Judge and the criminal charges against him were dismissed as facially insufficient.

13. As a direct and proximate result of the acts of the Defendants, Plaintiff has suffered and will continue to suffer from loss of liberty, embarrassment, mental suffering, and emotional anguish.

14. Upon information and belief, Defendants DIAZ, CONTRERAS, GOMEZ, and RIVERA fabricated allegations of criminal misconduct against Plaintiff. Specifically, Defendants DIAZ, CONTRERAS, GOMEZ, and RIVERA, falsely alleged that Plaintiff had committed the crimes of Stalking in the Third Degree, Public Lewdness, and Harassment in the Second Degree. As a result of these fabricated allegations and omissions, Plaintiff was wrongfully arrested, incarcerated, and held in police custody for approximately twenty hours, falsely charged with a crime, and forced to defend himself in Criminal Court.

FEDERAL CAUSES OF ACTION

15. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

16. The above described actions and omissions, engaged in under color of state authority by the defendants, including Defendant CITY OF NEW YORK, deprived Plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, his Fourth Amendment right to bodily integrity, and to be free from unlawful seizure of his person.

PENDENT CAUSE OF ACTION FOR FALSE ARREST

17. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

18. Heretofore, on or about June 5, 2013, Plaintiff caused a written and duly verified Notice of Claim to be filed with the proper agents of the City of New York in accordance with the provisions of the General Municipal Law of the State of New York. Plaintiff's claim has not been adjusted or otherwise disposed of since that time.

19. Defendants DIAZ, CONTRERAS, GOMEZ, and RIVERA subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

20. As a result of Plaintiff's false arrest, imprisonment, and deprivation of liberty, Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

CAUSE OF ACTION AGAINST MUNICIPALITY AND DEFENDANT NYPD

21. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

22. Defendant CITY OF NEW YORK and the NYPD knew or should have known of the propensity of Defendants DIAZ, CONTRERAS, GOMEZ, and RIVERA to engage in the illegal and wrongful acts detailed above and/or as a matter of policy and

practice, have with deliberate indifference, failed to take steps to uncover and/or correct such conduct. Upon information and belief, Defendants CITY OF NEW YORK and the NYPD had prior notice of the dishonest propensities of Defendants DIAZ, CONTRERAS, GOMEZ, and RIVERA, but took no adequate steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

23.  Acting under color of law, by and through the policy-makers of the CITY OF NEW YORK and the NYPD, and pursuant to official policy or custom and practice, Defendant CITY OF NEW YORK intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the CITY OF NEW YORK, failed to effectively screen, hire, train, instruct, supervise, control and discipline, on a continuing basis, their police officers, including Defendants DIAZ, CONTRERAS, GOMEZ, and RIVERA, for their unlawful propensities, including fabricating criminal charges and falsely swearing to criminal complaints against citizens for the purpose of shielding themselves against criminal and/or civil liability for violations of civil rights; and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing Defendants DIAZ, CONTRERAS, GOMEZ, and RIVERA to be in a position to cause Plaintiff injury and violate Plaintiff's

federal and state constitutional rights, and/or to permit these actions to take place without Plaintiff's knowledge or consent.

24.   Defendants CITY OF NEW YORK and the NYPD had knowledge, or should have had knowledge, that the wrongs that were done, as heretofore alleged, or other unlawful or unconstitutional acts were going to be committed. Defendants CITY OF NEW YORK and the NYPD had the power, authority and duty to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, recklessly or with deliberate indifference to the rights of the inhabitants of the CITY OF NEW YORK, failed to do so.

25.   On information and belief, Defendant CITY OF NEW YORK and the NYPD maintained an inadequate structure for risk containment and stress management relative to its police officers, and failed to create proper means of containing such risk and managing such stress. On information and belief, such structure was deficient at the time of selection of police officers, and thereafter during their employment, in its ability to evaluate and exchange information within the command structure about the performance of individual police officers; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer; and in its ability to otherwise put the command structure on

notice that an individual or individuals were at significant levels of risk to the public at large or to specific segments thereof. The effect of this was to permit police officers of the NYPD to function at levels of significant and substantial risk to the public in general.

26.   As a result of the foregoing conscious policies, practices, customs and/or usages, Defendants CITY OF NEW YORK and the NYPD have permitted and allowed the employment and retention of individuals as police officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of violent or racially motivated behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to Plaintiff.

27.   As a result of the foregoing, Plaintiff was deprived of liberty, sustained emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

NEGLIGENT HIRING, SCREENING,
RETENTION SUPERVISION AND TRAINING

28.   Plaintiff incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

29. Defendant CITY OF NEW YORK negligently hired, screened, retained, supervised and trained Defendants DIAZ, CONTRERAS, GOMEZ, and RIVERA. The acts and conduct of Defendants DIAZ, CONTRERAS, GOMEZ, and RIVERA were the direct and proximate cause of damage to Plaintiff, and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York, and as Defendant CITY OF NEW YORK is the employer of Defendants DIAZ, CONTRERAS, GOMEZ, and RIVERA, Defendant CITY OF NEW YORK is liable to Plaintiff for negligent hiring, screening, retention, supervision and training.

30. As a result of the foregoing, Plaintiff was deprived of liberty, was subject to great humiliation, and was otherwise harmed, damaged, and injured, all to his damage in the amount of One Million ($1,000,000.00) Dollars.

PUNITIVE DAMAGES CLAIM

31. As a result of the extreme, wanton, and outrageous nature of the conduct of Defendants DIAZ, CONTRERAS, GOMEZ, and RIVERA in, among other things, arresting Plaintiff without cause or reason; reporting false criminal charges; and knowingly and willfully arresting Plaintiff without legal cause, Plaintiff is entitled to punitive damages in the amount of Three Million ($3,000,000.00) Dollars.

## RESPONDEAT SUPERIOR LIABILITY

32.   Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

33.   At all times relevant herein, Defendants DIAZ, CONTRERAS, GOMEZ, and RIVERA were acting within the scope of their employment as officers and agents of the NYPD.

34.   Defendant CITY OF NEW YORK is liable for compensatory and exemplary damages under the doctrine of *respondeat superior* or is liable to indemnify the individual defendants pursuant to provisions of the General Municipal Law for the tortious and unlawful acts of Defendants DIAZ, CONTRERAS, GOMEZ, and RIVERA committed within the scope of their employment.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.   In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars as compensatory damages on Plaintiff's Pendent Causes of Action, and for appropriate damages on Plaintiff's federal claims;

B.   Awarding Plaintiff punitive damages against Defendants DIAZ, CONTRERAS, GOMEZ, and RIVERA in the amount of Three Million ($3,000,000.00) Dollars;

C.    Awarding Plaintiff the reasonable attorney's fees, interest, costs and disbursements of this action; and

D.    Granting such other and further relief as this court deems just and proper.

<u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

Dated:    New York, New York
          October 8, 2014

                              X_____
                              Jeremy Schneider
                              ROTHMAN, SCHNEIDER, SOLOWAY
                                   & STERN, LLP
                              Attorneys for PLAINTIFF
                              JEAN-FRANCOIS RICKARD
                              100 Lafayette Street, Ste. 501
                              New York, New York 10013
                              (212) 571-5500